IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| LINDA BENGSTON, GEORGIA IVINS, PAUL BENGSTON, INDIVIDUALLY, AND AS NEXT FRIEND OF HB AND CB, MINOR CHILDREN, AND TIMOTHY MARK EVANS, INDIVIDUALLY, AND AS NEXT FRIEND OF AE, AE AND ME, MINOR CHILDREN <br><br> Plaintiffs, <br><br> v. <br><br> ABC TRUCKING, INC., and WILLIAM ALONZO CARSON <br><br> Defendants. | DOCKET NO. _____ <br><br> JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, Plaintiffs, LINDA BENGSTON, GEORGIA IVINS, PAUL BENGSTON, INDIVIDUALLY AND AS NEXT FRINED OF HB AND CB, MINOR CHILDREN, and TIMOTHY MARK EVANS, INDIVIDUALLY, AND AS NEXT FRIEND OF AE, AE AND ME, MINOR CHILDREN, and file this Complaint, and show unto the Court as follows:

### A.   PARTIES AND JURISDICTION

1. Linda Bengston is an individual resident of the State of Tennessee.

2. Georgia Ivins is an individual and resident of the State of Tennessee.

3. Paul Bengston brings this suit as an individual, and as next friend on behalf of HB and CB, Minor Children, and are all residents of the State of Tennessee.

4. Timothy Mark Evans brings this suit as an individual, and as next friend on behalf of AE, AE and ME, Minor Children, and all are residences of the State of Tennessee.

5. Defendant ABC Trucking, Inc. ("ABC Trucking") is a corporation organized in the State of Kentucky and transacting business in the State of Texas on the date at issue. ABC Trucking can be served with a copy of the Complaint and Summons through its registered agent, Ruhee Chawla, 525 Fifth Street, Suite 321, Covington, Kentucky 41011.

6. Defendant William Alonzo Carson is a resident of the State of North Carolina and can be served with a copy of the Complaint and Summons at 6127 Old Plank Road West, Salem, North Carolina 45069.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in Titus County, Texas were the alleged motor vehicle wreck occurred.

### B. STATEMENT OF FACTS

9. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein. Upon information and belief:

10. On or about April 1, 2017, Defendant Carson was driving a commercial truck owned by ABC Trucking Eastbound on Interstate 30 in Titus County, Texas.

11. Defendant Carson was driving in the inside lane (fast lane) on Interstate 30, when he suddenly and without warning, began to change lanes into the right lane, which was occupied by the vehicle driven by Plaintiff Ivins and in which Plaintiffs were passengers. When Plaintiff Ivins noticed that Defendant Carson was changing lanes, she sped up so as to avoid a potential collision. Plaintiff Ivins' attempts to speed up and avoid a collision were not successful as the truck driven

by Defendant Carson violently struck Plaintiffs.  As a result of the violent collision caused by Defendant Carson, the driver's side airbags of the Plaintiff Ivins' vehicle deployed.  Because of the damaging collision coupled with the driver's airbags deploying, Plaintiff Ivins' vehicle was forced off the roadway.

12. No action of Plaintiffs contributed to cause the wreck.

13. No failure to act of Plaintiffs contributed to cause the wreck.

14. The wreck was solely caused by the negligence of the Defendants, individually and collectively, and the careless driving of Defendant Carson.

15. Plaintiffs were severely injured as a result of the wreck, including but not limited to severe back, neck, shoulder injuries, due to the negligence of the defendants.

### C.     CAUSES OF ACTION

#### COUNT I – NEGLIGENCE OF ABC TRUCKING: NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION AND MAINTENANCE

16. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.  Upon information and belief:

17. Defendant ABC Trucking is an interstate common carrier based out of Kentucky.

18. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both ABC Trucking and William Alonzo Carson were subject to and were required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

19. Defendant ABC Trucking is the owner of the commercial truck operated by William Alonzo Carson.

20. At the time of the wreck, Defendant William Alonzo Carson was an employee and/or agent of defendant ABC Trucking.

21. At all times relevant hereto, William Alonzo Carson was a truck driver for ABC Trucking and was acting within the scope and course of its business.

22. At all times relevant hereto, Defendant ABC Trucking was acting by and through its employees/agents and are responsible for the acts of those employees and agents pursuant to respondeat superior, agency, apparent agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

23. At all times relevant hereto, Defendants ABC Trucking and William Alonzo Carson were acting in a joint enterprise:

    a. They agreed to move goods for profit;

    b. They had a written contract, specifically, but not limited to a bill of lading;

    c. They coordinated and combined resources and skills in order to achieve their objective of moving the load in order to earn money.

24. Regardless of the employment relationship, Defendant ABC Trucking is the registered owner of the U.S. DOT number 2468109, displayed on the commercial truck driven by Defendant Carson and involved in this wreck, and is therefore responsible for the acts of the driver of that vehicle.

25. At all times relevant to this cause of action, Defendants ABC Trucking and Carson were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399), either directly or as adopted by the Texas Transportation Code §§ 642 – 6147.

26. The operation of a trucking company and the hiring, qualifying, training, and supervising of its drivers requires car and skill to be done safely or it is foreseeable that serious harm and injury will occur to the traveling public.

27. ABC Trucking acts, and failures to act, as described below and above resulted in foreseeable harm to Plaintiffs.

28. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence per se, including but not limited to:

    a. § 383    Commercial Driver's License Standards

    b. § 390    General

    c. § 391    Qualifications of Drivers

    d. § 392    Driving of Commercial Motor Vehicles

    e. § 393    Parts and Accessories Necessary for Safe Operation

    f. § 395    Hours of Service

    g. §396    Inspection, Repair, and Maintenance

29. Defendant ABC Trucking was required to qualify and hire safe truck drivers and to teach and train those drivers so that they are able to understand and obey the rules and regulations contained in the Commercial Driver's License Manual and carry out their duties and obligations thereunder.

30. Defendant ABC Trucking was required to qualify and hire safe truck drivers and to teach and train those drivers so that they are able to understand and obey the rules and regulations contained in the FMCSR and carry out their duties and obligations thereunder.

31. Defendant ABC Trucking was negligent, and grossly negligent, in:

    a. hiring and/or contracting with Defendant Carson to drive the commercial truck at issue;

    b. training of Defendant Carson on the FMCSR and compliance;

    c. failing to supervise Defendant Carson while driving the commercial truck;

    d. failing to train Defendant Carson to properly drive the commercial truck;

    e. failing to train Defendant Carson to properly inspect the commercial truck;

    f. failing to train Defendant Carson to properly maintain the commercial truck;

    g. entrusting Defendant Carson with the commercial truck;

    h. retaining Defendant Carson to drive the commercial;

    i. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Carson; and

    j. failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

32. Defendant ABC Trucking had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

33. The FMCSA reported in the publicly-accessible Safety Measurement System (SMS) that ABC Trucking drivers were placed out-of-service roughly 13% more than the national average, and as such ABC Trucking knew that its policies, procedures, and systems for hiring, qualifying, training, and supervising drivers were inadequate and put the public at risk prior to the wreck.

34. Defendant ABC Trucking, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

    a. The risks associated with unsafe drivers,

    b. The risks associated with failing to train drivers to obey the FMCSR,

c.  The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers,

d.  The risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers,

e.  The risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers,

f.  The risks associated with failing to have adequate risk management policies and procedures in place,

g.  Failing to ensure its routes could be driven within hours-of-service,

h.  Requiring drivers to meet unrealistic driving goals which ABC Trucking knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations.

i.  Failing to have policies and procedures in place to identify undertrained and unqualified drivers.

j.  Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Carson once he was hired.

k.  Failing to implement and follow a written safety plan.

l.  Failing to protect the members of the public, such as the Plaintiffs, from the risks described above,

m.  Failing to use the composite knowledge reasonably available to ABC Trucking to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

    n. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above,

35. In order to put the matter at issue, Plaintiffs allege that ABC Trucking was negligent in the maintenance of the tractor-trailer and in the hiring, qualifying, supervising, training, and retention of Defendant Carson and is responsible for negligent entrustment of their tractor-trailer to his care, and these acts of negligence, individually, proximately resulted in the damages to the Plaintiffs.

36. The negligence of Defendant ABC Trucking was a proximate cause of the injuries sustained by Plaintiffs.

37. As a result of Defendants ABC Trucking's negligence, Plaintiffs suffered serious injuries affecting their activities of normal daily living.

## COUNT II
## NEGLIGENCE OF WILLIAM ALONZO CARSON

38. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein. Upon information and belief:

39. Defendant Carson is a commercial truck driver.

40. At the time of the wreck, Defendant Carson failed to exercise due care by driving the commercial truck carelessly and erratically, driving in a reckless manner, and failing to yield right of way when changing lanes.

41. The commercial truck driven by Defendant Carson was driven with the permission and at the direction of Defendant ABC Trucking.

42. The ABC Trucking truck driven by Defendant Carson was driven in the course and scope of his employment with the business of Defendant ABC Trucking.

43. The ABC Trucking trailer hauled by Defendant Carson was operated in the course and scope of his employment with the business of Defendant ABC Trucking.

44. At the time and place of this wreck, Defendant Carson was generally negligent under the circumstances then and there existing in that he:

   a. failed to keep his vehicle under control;

   b. failed to keep a proper lookout;

   c. failed to timely apply his brakes, alter direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have seen the vehicles next to him;

   d. failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

   e. failed to stop with the flow of traffic;

   f. operated his vehicle at an excessive speed;

   g. failed to yield the right of way;

   h. failed to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully on the road;

   i. failed to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

   j. drove in a reckless manner; and

   k. such other actions or inactions that may be shown at a hearing of this cause.

45. Defendants' negligence proximately caused the wreck with the vehicle in which Plaintiffs were passengers and resulting damages and injuries.

46. At the time and place of this accident, the Defendant Carson was negligent per se in that he was violating one or more of the statutes of the State of Texas; to include but not be limited to:

    a. TEX. TRANSP. CODE § 545.401    Reckless driving

    b. TEX. TRANSP. CODE § 545.351    Maximum speed requirement

47. That Defendants ABC Trucking and Carson were subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly or as adopted by the Texas Transportation Code §§ 642 – 6147, at the time and date of the wreck.

48. The Defendants will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence per se, including but not limited to:

    a. §383    Commercial Driver's License Standards

    b. §390    General

    c. §391    Qualifications of Drivers

    d. §392    Driving of Commercial Motor Vehicles

    e. §393    Parts and Accessories Necessary for Safe Operation

    f. §395    Hours of Service

    g. §396    Inspections, Repairs, and Maintenances

49. That Defendants ABC Trucking and Carson will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence per se.

50. Defendants' negligence, individually and collectively, proximately caused the wreck and the injuries and damages to Plaintiffs.

## **COUNT IV – DAMAGES**

51.  All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein.  Upon information and belief:

52.  As set forth more fully in the facts hereinabove, each of the Defendant acted in a negligent manner which either alone, or combined and concurring with the actions of the other defendants acts of negligence, directly and proximately caused the wreck and Plaintiffs injuries.

53.  Defendants' conduct, individually and collectively, constituted a conscious disregard for the life and safety of Plaintiffs and for the lives and safety of the motoring public generally, were willful, wanton, and reckless, and these defendants are therefore also liable to Plaintiffs for exemplary and/or punitive damages.

54.  The Defendants' negligence is the proximate cause for the economic and non-economic damages of Plaintiffs, and the jury is requested to provide restitution for the Plaintiffs' harm and losses to the full extent allowed by law after hearing the facts of this case.

55.  As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered, and will continue to suffer in the future, the following injures and damages:

   a. Medical and related expenses;

   b. Physical pain and suffering;

   c. Mental anguish;

   d. Physical impairment;

   e. Physical disfigurement;

   f. Lost earnings;

   g. Loss of earning capacity;

   h. Out-of-pocket economic losses; and

      i. Punitive damages.

### D. DEMAND FOR JURY TRIAL

56. Plaintiffs hereby demand a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### E. PRAYER

**WHEREFORE,** Plaintiffs pray that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against the Defendants;

c. For judgment against the Defendants as restitution to the Plaintiffs for past, present, and future non-economic damages, to the full extent allowed by law and equity;

d. For judgment against the Defendants as restitution to Plaintiffs for past, present, and future economic damages to the full extent allowed by law and equity;

e. That the jury order full restitution from the Defendants in an amount the jury believes to be just, fair, and equitable, after hearing the facts and issues in this case, of over $1,000,000.00.

f. For an amount of punitive damages against Defendants ABC Trucking and Carson in an amount the jury believes to be just, fair and equitable, after hearing the facts and issues in this case, over the sum of $1,000,000.

g. Court Cost and discretionary Costs.

h. For all such further and general relief which this Court deems just and proper.

Dated: January 2, 2019

Respectfully submitted,

**AMARO LAW FIRM**

/S/ Matthew A. Elwell
R. James Amaro
SBN: 24036134
Matthew A. Elwell
SBN: 24082962
2500 E. TC Jester Blvd., Ste. 525
Houston, Texas 77008
713.864.1941 (Tel.)
713.864.1942 (Fax)
fax@amarolawfirm.com

**ATTORNEYS FOR PLAINTIFFS**